REQUESTED BY: Senator Vard R. Johnson District #8 State Capitol Room 1101 Lincoln, NE 68509
Dear Mr. Johnson:
This is in response to your letter of March 30, 1981, regarding the possible introduction of legislation which would provide that the Nebraska Equal Opportunity Commission (NEOC) could award attorneys' fees in employment discrimination cases.
Neb.Rev.Stat. § 48-1119(3) (Reissue 1978) presently states that if the NEOC finds that a person, employer, labor organization or employment agency:
 has intentionally engaged in or is intentionally engaging in any unlawful employment practice, it shall issue and cause to be served on such respondent an order requiring such respondent to cease and desist from such unlawful employment practice and order such other affirmative action as may be appropriate, which may include reinstatement or hiring of employees, with or without back pay.
It has been the opinion of this office that this language does not permit the NEOC to award costs for attorneys' fees as part of the appropriate relief. (OAG 123, August 15, 1977). The Nebraska Legislature, in 1977, rejected an amendment which would have permitted the awarding of `cost of the public hearing and reasonable costs for attorneys' fees.' (LB 161) The judiciary committee `didn't feel that the Commission should have the power to set up attorney fees.' (March 31, 1977 floor debate p. 02313).
It is our opinion that it would not be improper to amend the statute to include a provision for attorneys' fees. The current procedure for hearings in employment discrimination cases is as follows.
If the NEOC determines that there is reasonable cause to believe that employment discrimination has taken place (Neb.Rev.Stat. § 48-1118 (Supp. 1980) and any informal attempts at conciliation have failed (Neb.Rev.Stat. 48-1119(1)) (Reissue 1978), the Commission may order a public hearing. At the hearing the parties are the aggrieved complainant and the respondent who allegedly committed the discriminatory act. The hearing is before a hearing examiner appointed by the NEOC (Fair Employment Practice Act rule 3-(2)(a)). After the hearing is complete, the examiner submits a recommended order and decision to the Commission (rule 3(8)). The Commission, after reviewing the record of the hearing and the recommended order, makes a final order and decision (rule 4(1)). The aggrieved party may appeal to district court (Neb.Rev.Stat. § 48-1120(1) (Reissue 1978)); the court may in its discretion award reasonable attorneys' fees to the prevailing party as part of the costs (Neb.Rev.Stat. § 48-1120(6) (Reissue 1978)).
The NEOC is not a party to the public hearings. It would not be subject to costs or the payment of attorneys' fees. It is our view that Article XIII, Section 3 of the Nebraska Constitution, which states, `The credit of the state shall never be given or loaned in aid of any individual, association, or corporation, . . .' is not involved. Public monies are not given in aid of either of the parties before the Commission.
Neither the NEOC nor the Attorney General represent the complainant at the hearing. The language in Neb.Rev.Stat. 48-1116
(Reissue 1978) states that the Attorney General shall represent the Commission and aid in investigations or hearings; it does not refer to individual parties before the Commission.
Another point to be considered is that the language of the 1977 bill would have provided that the Commission could award costs or attorneys' fees to the successful party who could be either the complainant, or, if no discrimination was shown, the respondent. Furthermore, such payments would have been discretionary by the Commission. The language of Neb.Rev.Stat. § 48-1119(3) (Reissue 1978) as it is now written only permits affirmative relief to successful complainants.
In conclusion, we are of the opinion that the Fair Employment Practice Act as it currently stands does not permit the NEOC to award costs or attorneys' fees to successful parties before it and that the Nebraska Constitution does not prohibit such costs from being awarded because they would be paid by the unsuccessful party. Any proposed bill should make clear whether attorneys' fees could be borne by unsuccessful complainants as well as respondents and whether the award of such costs would be discretionary by the NEOC.
Sincerely, PAUL L. DOUGLAS Attorney General Dale D. Brodkey Assistant Attorney General